UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Sandra Ruiz, | ) | Case No. 08 CV 2625 |
| | ) | |
| Plaintiff, | ) | Judge Pallmeyer |
| | ) | |
| v. | ) | Magistrate Judge Denlow |
| | ) | |
| Unknown Kane County Officers, | ) | |
| and the County of Kane, | ) | |
| | ) | |
| Defendants. | ) | |

### Rules 12(b)(6) Motion to Dismiss the Complaint
### by Unknown Kane County Officers, and the County of Kane

Now comes the Defendants, Unknown Kane County Officers and the County of Kane, by their attorneys Kane County Assistant State's Attorneys Amy Engerman and Joseph Lulves, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP 12(b)(6)"), move this Court to dismiss this Complaint against them by way of a final order and in support thereof state:

### Statement of Facts

1. On May 7, 2008, Plaintiff, Sandra Ruiz, filed a Complaint naming Unknown Kane County Officers and the County of Kane as Defendants. These are the only facts germane to this Motion. Solely for the purpose of this Motion, the additional facts set forth in Plaintiff's Complaint are accepted as accurate.

### Legal Standard for a Motion to Dismiss

2. A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests whether a plaintiff has properly stated a claim. While a court must assume that all well-pled allegations in a complaint are true, it need not strain to find favorable inferences which are not apparent on the face of the complaint. *Coates v. Illinois State Board of Education,* 559 F.2d 445, 447 (7th Cir. 1977)(citations omitted). Similarly, the court need not ignore facts set forth in the complaint that undermine the plaintiff's claim. *Thomas v. Farley,* 31 F.3d 557, 558-559 (7th Cir. 1994). A Rule 12(b)(6) motion should be granted where a complaint fails to state a cause of action upon which relief may be granted. *Corcoran v. Chicago Park Dist.,* 875 F.2d 609, 611 (7th Cir. 1989). While a party need not provide a detailed outline of the basis of the claim under Federal Rule of Civil Procedure 8, a complaint must still contain "either direct or inferential allegations respecting all of the material elements necessary to sustain a recovery under some viable legal theory." *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1106 (7th Cir. 1984)(citations omitted).

### Argument

### I. The County of Kane Is Not a Suable Entity

3. The County of Kane recognizes that it is an indispensable party to the litigation because it is liable for any judgment entered against officers acting in

their official capacity on behalf of the Kane County Sheriff's Department. *Carver v. LaSalle County,* 324 F.3d 947 (7th Cir. 2003).

4. However, the County of Kane asserts the Complaint fails to state a claim against it separate and apart from its potential liability to satisfy a judgment against a sheriff's deputy. Therefore, the County of Kane requests dismissal of the substantive claim against it, although the County of Kane will remain a nominal defendant for the purpose of paying a potential judgment only.

5. In her Complaint, Plaintiff alleges liability against the County of Kane in that "DEFENDANT OFFICERS were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the COUNTY OF KANE." (Complaint, para.4).

6. It is settled law in this circuit, in both federal and state court, that Illinois county boards cannot be held liable for the actions of county sheriffs, and suits against sheriffs in their official capacity are in reality suits against the county sheriff's department and not the county board. *Franklin v. Zaruba,* 150 F.3d 682 (7th Cir. 1998) (citations omitted) (citing with approval Illinois state law for the proposition that "…sheriffs are separate from the county boards to such a degree that the county boards cannot be held liable for their actions under *respondeat superior*").

7. In Illinois, county boards do not make policy for the sheriff's office. "[T]he sheriff is a policymaker for the county sheriff's office, not for the county itself." *Ryan v County of DuPage,* 45 F.3d 1090 (7th Cir. 1995).

8. As a matter of law, the County of Kane is not vicariously liable for the actions of employees of the sheriff. *Moy v. County of Cook,* 159 Ill. 2d 519 (1994).

9. Nor is the County of Kane directly liable for the alleged practices, policies, or customs alleged in the Complaint. *Wallace v. Masterson,* 345 F. Supp. 2d 917, 927 (N.D. Ill. 2004).

10. This view has been upheld by United States District Judge James Zagel in a case involving a former Kane County Sheriff's Department deputy. Judge Zagel wrote: "The motion to dismiss the County is granted. The County does not set policy for the Sheriff and took no actions in this case. The County must indemnify the Sheriff and his employees, but it is not an actor in theses cases. It was careless of Plaintiff's attorney to name the County as a defendant." *Rodriguez v. Ramsey,* 2007 U.S. Dist. LEXIS 3273 (Jan. 17, 2007).

## II. "Unknown Kane County Officers" Are Not Cognizable Parties

11. In her Complaint, Plaintiff names "Unknown Kane County Officers" as defendants.

12. Defendant parties must be cognizable to be recognized by the court as a suable entity. As noted recently by Judge Stiehl from the United States District Court for the Southern District of Illinois: "More fatal to th[e] claim, though, is that Plaintiff makes no allegations against any *specific* defendant. Therefore, he has failed to state a claim upon which relief may be granted,

and Claim 3 is dismissed from this action with prejudice." *Mascio v. Priddy,* 2008 U.S. Dist. LEXIS 45693 (June 11, 2008) (emphasis in original).

## Conclusion

For all of the foregoing reasons, Unknown Kane County Officers, and the County of Kane ask this Court to dismiss this Complaint.

>
> Respectfully submitted,
> Unknown Kane County Officers
> and the County of Kane, by:
>
> /s/Amy Engerman
> Kane County
> Assistant State's Attorney

Amy Engerman
Joseph Lulves
Kane County
Assistant State's Attorneys
100 South Third Street, 4th Floor
Geneva, Illinois 60134
(630 208-5320
Atty. No. 6277932