IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SANDRA RUIZ, <br><br>   Plaintiff, <br><br> v. <br><br> KANE COUNTY SHERIFF, JUAN G. GELAZQUEZ, KANE COUNTY SHERIFF, DEPUTY JONES, KANE COUNTY SHERIFF, SGT. GENTRY, and the COUNTY OF KANE, <br><br>   Defendants. | No. 08-CV-2625 <br><br> Honorable Judge Rebecca R. Pallmeyer |

## FIRST AMENDED COMPLAINT AT LAW

NOW COMES the PLAINTIFF, by and through Horwitz, Richardson, & Baker LLC., and pursuant to this First Amended Complaint at Law, states the following against the above named Defendants, to wit KANE COUNTY SHERIFF, JUAN G. GELAZQUEZ; KANE COUNTY SHERIFF, DEPUTY JONES; KANE COUNTY SHERIFF, SGT. GENTRY; and the COUNTY OF KANE.

### JURISDICTION

1.   The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

### PARTIES

2.   PLAINTIFF is a resident of the State of Illinois and of the United States.

1

3. The DEFENDANT OFFICERS were at all times relevant hereto employed by and acting on behalf of the COUNTY OF KANE.

4. The COUNTY OF KANE is a duly incorporated municipal corporation and is the employer and principal of the DEFENDANT OFFICERS as well as the other officers and/or employees referred to in this Complaint. At all times material to this Complaint, the DEFENDANT OFFICERS were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the COUNTY OF KANE.

## FACTS

5. On or about March 9, 2008, some or all of the DEFENDANT OFFICERS were engaged in an unreasonable seizure of the PLAINTIFF. This conduct violated the Fourth Amendment to the United States Constitution.

6. On or about March 9, 2008, PLAINTIFF did not obstruct justice, resist arrest and/or batter and/or assault any of the DEFENDANT OFFICERS.

7. The show of force initiated by and/or the failure to intervene in the use of said force by the DEFENDANT OFFICERS caused an unreasonable seizure to the PLAINTIFF.

8. The DEFENDANT OFFICERS charged and/or participated in the charging of PLAINTIFF with criminal activity, and arrested, participated in the arrest and/or failed to prevent the arrest of the PLAINTIFF notwithstanding the fact that the DEFENDANT OFFICERS failed to observe and/or learn that PLAINTIFF had committed criminal activity of any sort. The DEFENDANT OFFICERS did not have probable cause to believe that criminal activity took place relative to the PLAINTIFF.

9. On March 9, 2008, PLAINTIFF had not committed an act contrary to the laws of the State of Illinois.

10.     As a direct and proximate result of one or more of the aforesaid acts or omissions of the DEFENDANT OFFICERS, PLAINTIFF was caused to suffer damages.

11.     On or about March 9, 2008, the DEFENDANT OFFICERS were on duty at all times relevant to this Complaint and were duly appointed police officers for the COUNTY OF KANE. The DEFENDANT OFFICERS engaged in the conduct complained of, on said date, in the course and scope of employment and while on duty. This action is being brought with regard to the individual capacity of the DEFENDANT OFFICERS.

12.     Upon information and belief, KANE COUNTY SHERIFF, JUAN G. GELAZQUEZ, on March 9, 2008, came into physical contact with PLAINTIFF.

13.     Upon information and belief, KANE COUNTY SHERIFF, DEPUTY JONES, on March 9, 2008, came into physical contact with PLAINTIFF.

14.     Upon information and belief, KANE COUNTY SHERRIF, SGT. GENTRY, on March 9, 2008, came into physical contact with PLAINTIFF.

## CONSPIRACY

15.     Some or all of the DEFENDANT OFFICERS conspired to cause damage to PLAINTIFF in the following manner:

    a. using excessive force and/or failing to intervene in the use of excessive force against the PLAINTIFF;

    b. agreeing not to report each other after witnessing and/or using excessive force relative to the PLAINTIFF; and

    c. generating false documentation to cover-up for their own and each other's misconduct.

16.     In connection with the above conspiracy, the DEFENDANT OFFICERS specifically engaged in communication on or about March 9, 2008, whereby the DEFENDANT OFFICERS agreed to facilitate, engage in and support the activity which occurred in connection with the

3

allegations immediately above. As a result of this conspiracy, the DEFENDANT OFFICERS by and through their conduct, proximately caused PLAINTIFF to, *inter alia*, suffer injury, incur financial loss, including attorneys' fees, and suffer emotionally.

## COUNT I
### §1983 Excessive Force

17. PLAINTIFF re-alleges paragraphs one (1) through sixteen (16) as though fully set forth herein.

18. The actions, and/or the failure to intervene in the actions, of the DEFENDANT OFFICERS amounted to an excessive use of force onto PLAINTIFF. This conduct violates the Fourth Amendment of the United States Constitution.

19. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS. PLAINTIFF also demands punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS. PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT II
### §1983 False Arrest

20. PLAINTIFF re-alleges paragraphs one (1) through sixteen (16) as though fully set forth herein.

21. The actions of the DEFENDANT OFFICERS caused the arrest of the PLAINTIFF without probable cause to believe that PLAINTIFF committed criminal activity. Therefore, the conduct of the DEFENDANT OFFICERS was in violation of the Fourth Amendment to the United States Constitution.

22. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the Constitutional violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS. PLAINTIFF also demands punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS. PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT III
## False Arrest – State Claim

23. PLAINTIFF re-alleges paragraphs one (1) through sixteen (16) as though fully set forth herein.

24. The DEFENDANT OFFICERS arrested PLAINTIFF without probable cause to believe that PLAINTIFF committed criminal activity. The conduct of the DEFENDANT OFFICERS was in violation of the Constitution to the State of as well as law.

25. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS. PLAINTIFF also demands punitive damages and costs against the DEFENDANT OFFICERS. PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT IV
## Battery – State Claim

26. PLAINTIFF re-alleges paragraphs one (1) through sixteen (16) as though fully set forth herein.

27. The DEFENDANT OFFICERS struck the PLAINTIFF intentionally, without consent and without justification.

28. The conduct of the DEFENDANT OFFICERS was in violation of Law.

29. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS. PLAINTIFF also demands punitive damages and costs against the DEFENDANT OFFICERS. PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

### COUNT V
### § 1983 Deliberate Indifference to Medical Needs

30. PLAINTIFF re-alleges paragraphs one (1) through sixteen (16) as though fully set forth herein.

31. The actions of the DEFENDANT OFFICERS were deliberately indifferent to the medical needs of the PLAINTIFF in that said OFFICERS failed to provide PLAINTIFF with immediate medical attention after causing injury to PLAINTIFF

32. Said OFFICERS, instead of transporting PLAINTIFF for immediate medical treatment, collectively and/or individually, sought to cover-up the misconduct instead of providing immediate medical treatment.

33. This conduct violated the Fourteenth Amendment to the United States Constitution.

34. The aforementioned actions of said OFFICERS were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS. PLAINTIFF also demands punitive damages, costs and attorneys' fees against the

6

DEFENDANT OFFICERS. PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT VI
### § 1983 Conspiracy Claim

35. PLAINTIFF re-alleges paragraphs one (1) through sixteen (16) as though fully set forth herein.

36. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations of the United States Constitution, *inter alia* the Fourth Amendment and Fourteenth Amendment.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS. PLAINTIFF also demands punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS. PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT VII
### Conspiracy Claim – State Law

37. PLAINTIFF re-alleges paragraphs one (1) through sixteen (16) as though fully set forth herein.

38. The aforementioned actions were the direct and proximate cause of the violations of the Constitution of the State of and law.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS. PLAINTIFF also demands punitive damages and costs against the DEFENDANT OFFICERS. PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT VIII
### 745 ILCS 10/9-102 Claim Against the COUNTY OF KANE

39.     PLAINTIFF re-alleges paragraphs one (1) through sixteen (16) as though fully set forth herein.

40.     Defendant COUNTY OF KANE is the employer of the DEFENDANT OFFICERS alleged above.

41.     The DEFENDANT OFFICERS, as alleged above, committed the acts under color of law and in the scope of employment of the COUNTY OF KANE.

WHEREFORE, should the DEFENDANT OFFICERS be found liable for any of the alleged counts in this cause, PLAINTIFF demands that, pursuant to 745 ILCS 10/9-102, the COUNTY OF KANE pay PLAINTIFF any judgment obtained against the DEFENDANT OFFICERS as a result of this Complaint.

## COUNT IX
### Supplementary Claim for *Respondeat Superior*

42.     PLAINTIFF re-alleges paragraphs one (1) through sixteen (16) as though fully set forth herein.

43.     The aforesaid acts of the DEFENDANT OFFICERS were in the scope of employment and therefore the Defendant COUNTY OF KANE, as principal, is liable for the actions of its agent(s) under the doctrine of *respondeat superior*.

WHEREFORE should the DEFENDANT OFFICERS be found liable for any state claims alleged herein, Plaintiff demands judgment against the COUNTY OF KANE and such other additional relief, as this Court deems equitable and just.

## **JURY DEMAND**

44.     Plaintiff demands trial by jury.

                           Respectfully submitted,


                           s/ Sean M. Baker_____
                           Attorney for the Plaintiff
                           Blake Horwitz


**HORWITZ, RICHARDSON & BAKER LLC**
Two First National Plaza
20 S. Clark St. Suite 500
Chicago, Illinois 60603
Ph (312) 676-2100
Fax (312) 372-7076