UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Sandra Ruiz, | ) | Case No. 08 CV 2625 |
| | ) | |
| Plaintiff, | ) | Judge Pallmeyer |
| | ) | |
| v. | ) | Magistrate Judge Denlow |
| | ) | |
| Kane County Sheriff et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Kane County Sheriff Patrick B. Perez's Answer and Affirmative Defenses to
The First Amended Complaint**

Now comes Kane County Sheriff Patrick B. Perez, by his attorneys Kane County Assistant State's Attorneys Joseph F. Lulves and Amy P. Engerman, and for his answer to Plaintiff's First Amended Complaint At Law states as follows:

On a prefatory note, the First Amended Complaint added the Kane County Sheriff as a Defendant in the caption, and preamble, but never mentions the Sheriff again, either in the First Amended Complaint, or prayers for relief. The Sheriff in this answer assumes he is included in the undefined, generic grouping of "Defendant Officers" Plaintiff uses in the First Amended Complaint, as Plaintiff never ascribes individual actions to any officer, or the Sheriff, by name.

## JURISDICTION

1.      The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the

Constitution of the United States; and this Court's supplementary jurisdiction powers.

**ANSWER**: Admitted.

## PARTIES

2.     PLAINTIFF is a resident of the State of Illinois and of the United States.

**ANSWER**:    Defendant has insufficient information with which to form a belief as to the truth of the averment.

3.     The DEFENDANT OFFICERS were at all times relevant hereto employed by and acting on behalf of the COUNTY OF KANE.

**ANSWER**:    Denied.

4.      The COUNTY OF KANE is a duly incorporated municipal corporation and is the employer and principal of the DEFENDANT OFFICERS as well as the other officers and/or employees referred to in this Complaint. At all times material to this Complaint, the DEFENDANT OFFICERS were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the COUNTY OF KANE.

**ANSWER**:   Defendant admits acting under color of state law. Defendant denies he is employed by the County of Kane. Defendant has insufficient information with which to form a belief as to the truth of the remainder of the averment.

## FACTS

5.     On or about March 9, 2008, some or all of the DEFENDANT OFFICERS were engaged in an unreasonable seizure of the PLAINTIFF. This conduct violated the Fourth Amendment to the United States Constitution.

**ANSWER**: Denied as to this Defendant. Defendant has insufficient information with which to form a belief as to the truth of the remainder of the averment.

6.     On or about March 9, 2008, PLAINTIFF did not obstruct justice, resist arrest and/or batter and/or assault any of the DEFENDANT OFFICERS.

**ANSWER**: Admitted as to this Defendant. Defendant has insufficient information with which to form a belief as to the truth of the remainder of the averment.

7.     The show of force initiated by and/or the failure to intervene in the use of said force by the DEFENDANT OFFICERS caused an unreasonable seizure to the PLAINTIFF.

**ANSWER**: Denied as to this Defendant. Defendant has insufficient information with which to form a belief as to the truth of the remainder of the averment.

8.     The DEFENDANT OFFICERS charged and/or participated in the charging of PLAINTIFF with criminal activity, and arrested, participated in the arrest and/or failed to prevent the arrest of the PLAINTIFF notwithstanding the fact that the DEFENDANT OFFICERS failed to observe and/or

learn that PLAINTIFF had committed criminal activity of any sort. The DEFENDANT OFFICERS did not have probable cause to believe that criminal activity took place relative to the PLAINTIFF.

**ANSWER**: Defendant denies charging or arresting Plaintiff. Defendant has insufficient information with which to form a belief as to the truth of the remainder of the averment.

9. On March 9, 2008, PLAINTIFF had not committed an act contrary to the laws of the State of Illinois.

**ANSWER**: Defendant has insufficient information with which to form a belief as to the truth of the averment.

10. As a direct and proximate result of one or more of the aforesaid acts or omissions of the DEFENDANT OFFICERS, PLAINTIFF was caused to suffer damages.

**ANSWER**: Denied as to this Defendant. Defendant has insufficient information with which to form a belief as to the truth of the remainder of the averment.

11. On or about March 9, 2008, the DEFENDANT OFFICERS were on duty at all times relevant to this Complaint and were duly appointed police officers for the COUNTY OF KANE. The DEFENDANT OFFICERS engaged in the conduct complained of, on said date, in the course and scope of employment and while on duty. This action is being brought with regard to the individual capacity of the DEFENDANT OFFICERS.

**ANSWER**: Defendant admits being on duty. Defendant denies being employed by the County of Kane or engaging in the conduct complained of.

12. Upon information and belief, KANE COUNTY SHERIFF, JUAN G. GELAZQUES, on March 9, 2008, came into physical contact with PLAINTIFF.

**ANSWER**: Defendant has insufficient information with which to form a belief as to the truth of the averment.

13. Upon information and belief, KANE COUNTY SHERIFF, DEPUTY JONES, on March 9, 2008, came into physical contact with PLAINTIFF.

**ANSWER**: Defendant has insufficient information with which to form a belief as to the truth of the remainder of the averment.

14. Upon information and belief, KANE COUNTY SHERRIF, SGT. GENTRY, on March 9, 2008, came into physical contact with PLAINTIFF.

**ANSWER**: Denied.

## CONSPIRACY

15. Some or all of the DEFENDANT OFFICERS conspired to cause damage to PLAINTIFF in the following manner:

   a. using excessive force and/or failing to intervene in the use of excessive force against the PLAINTIFF;

   b. agreeing not to report each other after witnessing and/or using excessive force relative to the PLAINTIFF; and

   c. generating false documentation to cover-up for their own and each other's misconduct.

**ANSWER**: Denied as to this Defendant. Defendant has insufficient information with which to form a belief as to the truth of the remainder of the averment.

16. In connection with the above conspiracy, the DEFENDANT OFFICERS specifically engaged in communication on or about March 9, 2008, whereby the DEFENDANT OFFICERS agreed to facilitate, engage in and support the activity which occurred in connection with the allegations immediately above. As a result of this conspiracy, the DEFENDANT OFFICERS by and through their conduct, proximately caused PLAINTIFF to, *inter alia*, suffer injury, incur financial loss, including attorneys' fees, and suffer emotionally.

**ANSWER**: Denied as to this Defendant. Defendant has insufficient information with which to form a belief as to the truth of the remainder of the averment.

### COUNT I
### §1983 Excessive Force

17. PLAINTIFF re-alleges paragraphs one (1) through sixteen (16) as though fully set forth herein.

**ANSWER**: Defendant adopts his previous answers.

18. The actions, and/or the failure to intervene in the actions, of the DEFENDANT OFFICERS amounted to an excessive use of force onto PLAINTIFF. This conduct violates the Fourth Amendment of the United States Constitution.

**ANSWER**: Denied as to this Defendant. Defendant has insufficient information with which to form a belief as to the truth of the remainder of the averment.

19.  The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the constitutional violations set forth above.

**ANSWER**: Denied as to this Defendant. Defendant has insufficient information with which to form a belief as to the truth of the remainder of the averment.

## COUNT II
### §1983 False Arrest

20.  PLAINTIFF re-alleges paragraphs one (1) through sixteen (16) as though fully set forth herein.

**ANSWER**: Defendant adopts his previous answers.

21.  The actions of the DEFENDANT OFFICERS caused the arrest of the PLAINTIFF without probable cause to believe that PLAINTIFF committed criminal activity. Therefore, the conduct of the DEFENDANT OFFICERS was in violation of the Fourth Amendment to the United States Constitution.

**ANSWER**: Denied as to this Defendant. Defendant has insufficient information with which to form a belief as to the truth of the remainder of the averment.

22.  The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the Constitutional violations set forth above.

ANSWER: Denied as to this Defendant. Defendant has insufficient information with which to form a belief as to the truth of the remainder of the averment.

## COUNT III
### False Arrest – State Claim

23.   PLAINTIFF re-alleges paragraphs one (1) through sixteen (16) as though fully set forth herein.

ANSWER: Defendant adopts his previous answers.

24.   The DEFENDANT OFFICERS arrested PLAINTIFF without probable cause to believe that PLAINTIFF committed criminal activity. The conduct of the DEFENDANT OFFICERS was in violation of the Constitution to the State of as well as law.

ANSWER: Denied as to this Defendant. Defendant has insufficient information with which to form a belief as to the truth of the remainder of the averment.

25.   The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations set forth above.

ANSWER: Denied as to this Defendant. Defendant has insufficient information with which to form a belief as to the truth of the remainder of the averment.

## COUNT IV
### Battery – State Claim

26.     PLAINTIFF re-alleges paragraphs one (1) though sixteen (16) as though fully set forth herein.

ANSWER:   Defendant adopts his previous answers.

27.     The DEFENDANT OFFICERS struck the PLAINTIFF intentionally, without consent and without justification.

ANSWER: Denied as to this Defendant. Defendant has insufficient information with which to form a belief as to the truth of the remainder of the averment.

28.     The conduct of the DEFENDANT OFFICERS was in violation of Law.

ANSWER: Denied as to this Defendant. Defendant has insufficient information with which to form a belief as to the truth of the remainder of the averment.

29.     The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations set forth above.

ANSWER: Denied as to this Defendant. Defendant has insufficient information with which to form a belief as to the truth of the remainder of the averment.

## COUNT V
### §1983 Deliberate Indifference to Medical Needs

30.     PLAINTIFF re-alleges paragraphs one (1) through sixteen (16) as though fully set forth herein.

**ANSWER**: Defendant adopts his previous answers.

31.     The actions of the DEFENDANT OFFICERS were deliberately indifferent to the medical needs of the PLAINTIFF in that said OFFICERS failed to provide PLAINTIFF with immediate medical attention after causing injury to PLAINTIFF.

**ANSWER**: Denied as to this Defendant. Defendant has insufficient information with which to form a belief as to the truth of the remainder of the averment.

32.     Said OFFICERS, instead of transporting PLAINTIFF for immediate medical treatment, collectively and/or individually, sought to cover-up the misconduct instead of providing immediate medical treatment.

**ANSWER**: Denied as to this Defendant. Defendant has insufficient information with which to form a belief as to the truth of the remainder of the averment.

33.     This conduct violated the Fourteenth Amendment to the United States Constitution.

**ANSWER**: Denied as to this Defendant. Defendant has insufficient information with which to form a belief as to the truth of the remainder of the averment.

34.     The aforementioned actions of said OFFICERS were the direct and proximate cause of the constitutional violations set forth above.

**ANSWER**: Denied as to this Defendant. Defendant has insufficient information with which to form a belief as to the truth of the remainder of the averment.

## COUNT VI
### §1983 Conspiracy Claim

35.   PLAINTIFF re-alleges paragraphs one (1) through sixteen (16) as though fully set forth herein.

**ANSWER**: Defendant adopts his previous answers.

36.   The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations of the United States Constitution, *inter alia* the Fourth Amendment and Fourteenth Amendment.

**ANSWER**: Denied as to this Defendant. Defendant has insufficient information with which to form a belief as to the truth of the remainder of the averment.

## COUNT VII
### Conspiracy Claim – State Law

37.   PLAINTIFF re-alleges paragraphs one (1) through sixteen (16) as though fully set forth herein.

**ANSWER**: Defendant adopts his previous answers.

38.   The aforementioned actions were the direct and proximate cause of the violations of the Constitution of the State of and law.

ANSWER: Denied as to this Defendant. Defendant has insufficient information with which to form a belief as to the truth of the remainder of the averment.

## COUNT VIII
### 745 ILCS 10/9-102 Claim Against the COUNTY OF KANE

39.  PLAINTIFF re-alleges paragraphs one (1) through sixteen (16) as though fully set forth herein.

ANSWER: Defendant adopts his previous answers.

40.  Defendant COUNTY OF KANE is the employer of the DEFENDANT OFFICERS alleged above.

ANSWER: Denied.

41.  The DEFENDANT OFFICERS, as alleged above, committed the acts under color of law and in the scope of employment of the COUNTY OF KANE.

ANSWER: Defendant admits acting under color of state law and denies the remainder of the averment.

## COUNT IX
### Supplementary Claim for *Respondeat Superior*

42.  PLAINTIFF re-alleges paragraphs one (1) through sixteen (16) as though fully set forth herein.

ANSWER: Defendant adopts his previous answers.

43.  The aforesaid acts of the DEFENDANT OFFICERS were in the scope of employment and therefore the Defendant COUNTY OF KANE, as princi-

pal, is liable for the actions of its agent(s) under the doctrine of *respondeat superior*.

**ANSWER**:   Defendant denies being employed by the County of Kane. Defendant has insufficient information with which to form a belief as to the truth of the remainder of the averment.

## Affirmative Defenses

### I. Qualified Immunities

44.   Defendant is entitled to qualified immunity, with respect to the asserted federal civil rights violations, in that none of his actions violated any clearly established law.

45.   The Defendant is immune from state claims for actions taken in the enforcement of any law unless such action is willful and wanton conduct. 745 ILCS 10/2-202.

46.   The Defendant is immune from state claims for injuries caused by the acts or omissions of third parties. 745 ILCS 10/2-204.

### II. Government Units are Immune from Suits for Punitive Damages

47.   Punitive damages claims are not recoverable against government units, on either federal claims, *City of Newport v. Fact Concerts, Inc., 453 U.S. 247 (1981)*, or state claims, 745 ILCS 10/2-102.

### III. Government Units are Immune from Suits for Indemnification for Punitive Damage Claims

48.   Units of government are barred by law from indemnifying employees for punitive damage claims. 745 ILCS 10/2-302.

### IV. *Respondeat Superior* is Not an Available Theory of Recovery Against an Illinois County for a Deputy Sheriff's Actions

49.   Sheriff's deputies in Illinois are not employees of a county, and therefore *respondeat superior* is not an available theory of recovery in either a federal or state action. *Franklin v. Zaruba, 150 F.3d 682 (7th Cir. 1998); Moy v. County of Cook, 159 Ill. 2d 519 (1994).*

Wherefore for all the above reasons Defendant asks this Court to enter judgment in his favor.

Respectfully submitted,
Kane County Sheriff Patrick Perez by:

/s/ Joseph F. Lulves
Assistant State's Attorney

Joseph F. Lulves
Amy P. Engerman
Kane County
Assistant State's Attorneys
100 South Third Street, 4th Floor
Geneva, Illinois 60134
(630 208-5320
Atty. No. 6197008