UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Sandra Ruiz, | ) Case No. 08 CV 2625 |
| Plaintiff, | ) Judge Pallmeyer |
| v. | ) Magistrate Judge Denlow |
| Kane County Sheriff Juan Velazquez, et al., | ) |
| Defendants. | ) |

### Defendant Steven Jones' Answer and Affirmative Defenses to Plaintiff's First Amended Complaint

Now comes Defendant, Kane County Sheriff's Deputy Steven Jones, by his attorneys James G. Sotos and John J. Timbo of JAMES G. SOTOS & ASSOCIATES, LTD., and for his answer to Plaintiff's First Amended Complaint At Law states as follows:

### JURISDICTION

1. The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

ANSWER: Defendant admits that jurisdiction is proper in the Northern District Court of Illinois.

## PARTIES

2. PLAINTIFF is a resident of the State of Illinois and of the United States.

ANSWER: Defendant admits the allegation contained in paragraph 2.

3. The DEFENDANT OFFICERS were at all times relevant hereto employed by and acting on behalf of the COUNTY OF KANE.

ANSWER: Defendant denies the allegations contained in paragraph 3.

4. The COUNTY OF KANE is a duly incorporated municipal corporation and is the employer and principal of the DEFENDANT OFFICERS as well as the other officers and/or employees referred to in this Complaint. At all times material to this Complaint, the DEFENDANT OFFICERS were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the COUNTY OF KANE.

ANSWER: Defendant admits that he acted under color of state law at all relevant times, but denies that he is employed by the County of Kane. Defendant denies that he was acting under ordinance and/or regulation, statutes, custom and usages of the County of Kane.

## FACTS

5. On or about March 9, 2008, some or all of the DEFENDANT OFFICERS were engaged in an unreasonable seizure of the PLAINTIFF. This conduct violated the Fourth Amendment to the United States Constitution.

ANSWER: Defendant denies the allegations contained in paragraph 5.

6. On or about March 9, 2008, PLAINTIFF did not obstruct justice, resist arrest and/or batter and/or assault any of the DEFENDANT OFFICERS.

ANSWER: Defendant denies that Plaintiff did not obstruct justice, but admits that Plaintiff did not physically resist being handcuffed and admits that Plaintiff did not batter or assault him. Defendant denies that Plaintiff was arrested.

7. The show of force initiated by and/or the failure to intervene in the use of said force by the DEFENDANT OFFICERS caused an unreasonable seizure to the PLAINTIFF.

ANSWER: Defendant denies the allegations contained in paragraph 7.

8. The DEFENDANT OFFICERS charged and/or participated in the charging of PLAINTIFF with criminal activity, and arrested, participated in the arrest and/or failed to prevent the arrest of the PLAINTIFF notwithstanding the fact that the DEFENDANT OFFICERS failed to observe and/or learn that PLAINTIFF had committed criminal activity of any sort. The DEFENDANT OFFICERS did not have probable cause to believe that criminal activity took place relative to the PLAINTIFF.

ANSWER: Defendant denies having charged or arrested Plaintiff, and further denies that he did not have probable cause to arrest Plaintiff.

9. On March 9, 2008, PLAINTIFF had not committed an act contrary to the laws of the State of Illinois.

ANSWER: Defendant denies the allegations contained in paragraph 9.

10.    As a direct and proximate result of one or more of the aforesaid acts or omissions of the DEFENDANT OFFICERS, PLAINTIFF was caused to suffer damages.

ANSWER: Defendant denies the allegations contained in paragraph 10.

11.    On or about March 9, 2008, the DEFENDANT OFFICERS were on duty at all times relevant to this Complaint and were duly appointed police officers for the COUNTY OF KANE. The DEFENDANT OFFICERS engaged in the conduct complained of, on said date, in the course and scope of employment and while on duty. This action is being brought with regard to the individual capacity of the DEFENDANT OFFICERS.

ANSWER: Defendant admits that at all times relevant to the complaint he was on duty as a deputy sheriff and was within the scope of his employment. Defendant denies being employed by the County of Kane or engaging in the conduct complained of.

12.    Upon information and belief, KANE COUNTY SHERIFF, JUAN G. GELAZQUES, on March 9, 2008, came into physical contact with PLAINTIFF.

ANSWER:   Defendant has insufficient information with which to form a belief as to the truth or falsity of the allegation contained in paragraph 12.

13.     Upon information and belief, KANE COUNTY SHERIFF, DEPUTY JONES, on March 9, 2008, came into physical contact with PLAINTIFF.

ANSWER: Defendant admits that he came into physical contact with Plaintiff on March 9, 2008.

14. Upon information and belief, KANE COUNTY SHERIFF, SGT. GENTRY, on March 9, 2008, came into physical contact with PLAINTIFF.

ANSWER: Defendant has insufficient information with which to form a belief as to the truth or falsity of the allegation contained in paragraph 14.

## CONSPIRACY

15. Some or all of the DEFENDANT OFFICERS conspired to cause damage to PLAINTIFF in the following manner:

> a. using excessive force and/or failing to intervene in the use of excessive force against the PLAINTIFF;
>
> b. agreeing not to report each other after witnessing and/or using excessive force relative to the PLAINTIFF; and
>
> c. generating false documentation to cover-up for their own and each other's misconduct.

ANSWER: Defendant denies the allegations contained in paragraph 15.

16. In connection with the above conspiracy, the DEFENDANT OFFICERS specifically engaged in communication on or about March 9, 2008, whereby the DEFENDANT OFFICERS agreed to facilitate, engage in and support the activity which occurred in connection with the allegations immediately above. As a result of this conspiracy, the DEFENDANT OFFICERS by and through their conduct, proximately caused PLAINTIFF to, *inter alia*,

suffer injury, incur financial loss, including attorneys' fees, and suffer emotionally.

ANSWER: Defendant denies the allegations contained in paragraph 16.

COUNT I
§1983 Excessive Force

17.　PLAINTIFF re-alleges paragraphs one (1) through sixteen (16) as though fully set forth herein.

ANSWER:　Defendant reaffirms his previous answers in paragraphs 1 through 16 as if fully set forth herein.

18.　The actions, and/or the failure to intervene in the actions, of the DEFENDANT OFFICERS amounted to an excessive use of force onto PLAINTIFF. This conduct violates the Fourth Amendment of the United States Constitution.

ANSWER: Defendant denies the allegations contained in paragraph 18 with respect to his conduct, but states that he has insufficient information with which to form a belief as to the truth or falsity of the allegations with respect to any other Defendant.

19.　The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the constitutional violations set forth above.

ANSWER: Defendant denies the allegations contained in paragraph 19 with respect to his conduct, but states that he has insufficient information with which to form a belief as to the truth or falsity of the allegations with respect to any other Defendant.

## COUNT II
### §1983 False Arrest

20. PLAINTIFF re-alleges paragraphs one (1) through sixteen (16) as though fully set forth herein.

ANSWER: Defendant reaffirms his previous answers in paragraphs 1 through 16 as if fully set forth herein.

21. The actions of the DEFENDANT OFFICERS caused the arrest of the PLAINTIFF without probable cause to believe that PLAINTIFF committed criminal activity. Therefore, the conduct of the DEFENDANT OFFICERS was in violation of the Fourth Amendment to the United States Constitution.

ANSWER: Defendant denies the allegations contained in paragraph 21.

22. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the Constitutional violations set forth above.

ANSWER: Defendant denies the allegations contained in paragraph 22.

## COUNT III
### False Arrest – State Claim

23. PLAINTIFF re-alleges paragraphs one (1) through sixteen (16) as though fully set forth herein.

ANSWER: Defendant reaffirms his previous answers in paragraphs 1 through 16 as if fully set forth herein.

24. The DEFENDANT OFFICERS arrested PLAINTIFF without probable cause to believe that PLAINTIFF committed criminal activity. The conduct

of the DEFENDANT OFFICERS was in violation of the Constitution to the State of as well as law.

ANSWER:  Defendant denies the allegations contained in paragraph 24.

25. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations set forth above.

ANSWER:  Defendant denies the allegations contained in paragraph 25.

## COUNT IV
### Battery – State Claim

26. PLAINTIFF re-alleges paragraphs one (1) though sixteen (16) as though fully set forth herein.

ANSWER:  Defendant reaffirms his previous answers in paragraphs 1 through 16 as if fully set forth herein.

27. The DEFENDANT OFFICERS struck the PLAINTIFF intentionally, without consent and without justification.

ANSWER:  Defendant denies the allegations contained in paragraph 27 with respect to his conduct, but states that he has insufficient information with which to form a belief as to the truth or falsity of the allegation with respect to any other Defendant.

28. The conduct of the DEFENDANT OFFICERS was in violation of Law.

ANSWER:  Defendant denies the allegations contained in paragraph 28 with respect to his conduct, but states that he has insufficient information with which to form a belief as to the truth or falsity of the allegation with respect to any other Defendant.

29. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations set forth above.

ANSWER: Defendant denies the allegations contained in paragraph 29 with respect to his conduct, but states that he has insufficient information with which to form a belief as to the truth or falsity of the allegation with respect to any other Defendant.

## COUNT V
### §1983 Deliberate Indifference to Medical Needs

30. PLAINTIFF re-alleges paragraphs one (1) through sixteen (16) as though fully set forth herein.

ANSWER: Defendant reaffirms his previous answers in paragraphs 1 through 16 as if fully set forth herein.

31. The actions of the DEFENDANT OFFICERS were deliberately indifferent to the medical needs of the PLAINTIFF in that said OFFICERS failed to provide PLAINTIFF with immediate medical attention after causing injury to PLAINTIFF.

ANSWER: Defendant denies the allegations contained in paragraph 31.

32. Said OFFICERS, instead of transporting PLAINTIFF for immediate medical treatment, collectively and/or individually, sought to cover-up the misconduct instead of providing immediate medical treatment.

ANSWER: Defendant denies the allegations contained in paragraph 32.

33. This conduct violated the Fourteenth Amendment to the United States Constitution.

ANSWER: Defendant denies the allegations contained in paragraph 33.

34. The aforementioned actions of said OFFICERS were the direct and proximate cause of the constitutional violations set forth above.

ANSWER: Defendant denies the allegations contained in paragraph 34.

## COUNT VI
### §1983 Conspiracy Claim

35. PLAINTIFF re-alleges paragraphs one (1) through sixteen (16) as though fully set forth herein.

ANSWER: Defendant reaffirms his previous answers in paragraphs 1 through 16 as if fully set forth herein.

36. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations of the United States Constitution, *inter alia* the Fourth Amendment and Fourteenth Amendment.

ANSWER: Defendant denies the allegations contained in paragraph 36.

## COUNT VII
### Conspiracy Claim – State Law

37. PLAINTIFF re-alleges paragraphs one (1) through sixteen (16) as though fully set forth herein.

ANSWER: Defendant reaffirms his previous answers in paragraphs 1 through 16 as if fully set forth herein.

38. The aforementioned actions were the direct and proximate cause of the violations of the Constitution of the State of and law.

ANSWER: Defendant denies the allegations contained in paragraph 38.

## COUNT VIII
### 745 ILCS 10/9-102 Claim Against the COUNTY OF KANE

Defendant makes no answer to COUNT VIII as said COUNT is directed toward another Defendant.

## COUNT IX
### Supplementary Claim for *Respondeat Superior*

Defendant makes no answer to COUNT IX as said COUNT is directed toward another Defendant.

Date: September 4, 2008

s/John J. Timbo
J. Timbo, Attorney No. 06238251
Attorney for Defendant

## Affirmative Defenses

**First Affirmative Defense**

The Defendant is entitled to qualified immunity with respect to the asserted federal civil rights violations, in that none of his actions violated any clearly established law.

**Second Affirmative Defense**

Under section 10/2-202 of the Illinois Tort Immunity Act, the Defendant is immune from all state claims for actions taken in the enforcement of any law unless such action constituted willful and wanton conduct. 745 ILCS 10/2-202.

**Third Affirmative Defense**

Under section 10/2-204 of the Illinois Tort Immunity Act, the Defendant is immune from state claims for injuries caused by the acts or omissions of third parties. 745 ILCS 10/2-204.

Wherefore for all the above reasons Defendant Steven Jones asks this Court to enter judgment in his favor.

Date: September 4, 2008                s/John J. Timbo
                                       J. Timbo, Attorney No. 06238251
                                       Attorney for Defendant

John J. Timbo
James G. Sotos
JAMES G. SOTOS & ASSOCIATES
550 East Devon, Suite 150
Itasca, Illinois 60143
(630) 735-3300
(630) 773-0980 (fax)
jtimbo@jsotoslaw.com

## CERTIFICATE OF SERVICE

The undersigned having first been duly sworn under oath, states that he electronically filed a complete copy of the foregoing **Defendant Steven Jones' Answer and Affirmative Defenses to Plaintiff's First Amended Complaint** with the Clerk of the Court on **September 4, 2008** using the CM/ECF system, which will send notification of such filing to the attached service list.

> s/John J. Timbo
> John J. Timbo, Attorney No. 06238251
> Attorney for Defendant
> JAMES G. SOTOS & ASSOCIATES
> 550 East Devon, Suite 150
> Itasca, Illinois 60143
> (630) 735-3300

## SERVICE LIST
## RUIZ V. COUNTY OF KANE, ET AL
## CASE NO.: 08-cv-2625

**Plaintiff's Counsel**
Blake Horwitz
Abbas Merchant
Elliot Richardson
Erica Faaborg
Rachelle Sorg
Sean Baker
Horwitz, Richardson & Baker, LLC
20 South Clark Street, Suite 500
Chicago, IL 60603
312-372-2100
312-372-7076 (fax)
bhorwitz@hrbattorneys.com
amerchant@hrbattorneys.com
erichardson@hrbattorneys.com
efaaborg@hrbattorneys.com
rsorg@erlaw.net
sbaker@hrbattorneys.com


**Defendants' Counsel**
Joseph Lulves
Amy Engerman
Kane County State's Attorney's Office
100 South Third Street
Fourth Floor
Geneva, IL 60134
630-208-5320
luvesjospeh@co.kane.il.us
engermanamy@co.kane.il.us